# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WESLEY T. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CIV-11-86-M |
| v. | ) | |
| CITY OF OKLAHOMA CITY and | ) | |
| DANIEL GODSIL, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY'S MOTION TO DISMISS IT FROM PLAINTIFF'S SECOND CAUSE OF ACTION AND/OR MOTION TO MAKE MORE DEFINITE AND BRIEF IN SUPPORT

COMES NOW a Defendant, the City of Oklahoma City, and for its Motion to Dismiss It from Plaintiff's Second Cause of Action and/or Motion to Make More Definite, states as follows:

      1.      On December 29,2010, Plaintiff herein filed this action in State Court.

      2.      On January 28, 2011, Defendants removed this action to this Court.

      3.      The Petition contains two causes of action.  The first is entitled "Governmental Tort Claim Title 51 O.S. §§ 151, et seq". At ¶ 4, Plaintiff refers to the "negligence" of Defendant Daniel Godsil and alleges he was in the scope of his employment with the City. In the prayer for relief in this cause of action, Plaintiff asks for judgment against "Defendant City of Oklahoma City."  The Second Cause of Action is entitled "Violation of Civil Rights,

Title 42 U.S.C. § 1983", and at paragraph numbered 4 under this cause, Plaintiff restates his

allegations contained in the First Cause of Action of his Petition.  At ¶ 7, Plaintiff alleges:

> Each and every act of Defendant Godsil forming the basis of this cause of
> action was done, not as an individual, but under the color and pretense of the
> statutes, ordinances, regulations, customs and usages of the State of
> Oklahoma, County of Oklahoma and City of Oklahoma City and under the
> authority of his office as a policeman.

Plaintiff's prayer for relief in this cause of action asks for damages only against Defendant

Godsil.

4.      Plaintiff's Second Cause of Action fails to allege any facts to support

municipal liability for a constitutional claim.  To the extent Plaintiff is seeking to allege such

a claim, Defendant City should be dismissed from this cause.  In the alternative, Defendant

City requests that Plaintiff advise the Court and the parties if the Second Cause of Action is

intended to be asserted against Defendant Godsil only, and if so, then this Motion will be

moot.

WHEREFORE, premises considered, Defendant City request that this Court dismiss it

from Plaintiff's Second Cause of Action.  In the alternative, Defendant City requests that

Plaintiff advise the Court and the parties, if he intends to assert such a claim against

Defendant City.

## <u>DEFENDANT CITY'S BRIEF IN SUPPORT OF ITS<br>MOTION TO DISMISS AND/OR MOTION TO<br>MAKE MORE DEFINITE</u>

**A.      Motion to Dismiss**

Rule 12(b) of the Fed.R.Civ.P. provides in part:

**How to Present Defenses.**  Every defense to a claim for relief in any pleading must be  asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:

. . .

(6)  failure to state a claim upon which relief can be granted; and

. . .

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Since the United States Supreme Court held in *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978) that a municipality could be a person under 42 U.S.C. § 1983, the Court has rejected a *respondeat superior* cause of action.  See, for instance, *Canton v. Harris,* 489 U.S. 378, 385 (1989).  Instead, the Court has required that the Plaintiff prove that the municipality had a policy (or custom) that inflicted the injury.  The Court stated in *Canton*: "Thus, our first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *Id.* at 385.

Under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937 (2009):

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id. (Twombly)* at 570, 127 S.Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*, at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where the complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

Plaintiff fails to allege that the City has an unconstitutional policy, a constitutional

policy that causes a series of unconstitutional acts, deliberate indifference[1] on behalf of the municipality or the affirmative link, Defendant City is entitled to be dismissed from this cause of action.

### B.     Motion to Make Definite.

It could be that Plaintiff is not intending to assert a Constitutional claim against Defendant City.  See Plaintiff's Prayer for Relief in the Second Cause of Action.  If this is the case, then Defendant City would request that Plaintiff so advise the Court and parties.

Rule 12(e) of the Fed.R.Civ.P. states:

> **Motion for a More Definite Statement.**  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Defendant City requests that the Plaintiff advise the Court and parties of his intention regarding this claim so that the Court does not have to waste its time deciding the City's Motion to Dismiss filed herewith.

WHEREFORE, Defendant City prayerfully requests that this Court dismiss it from Plaintiff's Second Cause of Action.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

---

[1] In *Seiver v. City of Lawrence,* 60 F.3d 695, 699 (10th Cir. 1995), the Court rejected a negligence claim under the Constitution.  Compare the first paragraph numbered 4 of the Petition with the second paragraph numbered 11.

By:     /s/ Richard C. Smith
        Richard C. Smith, OBA #8397
        Assistant Municipal Counselor
        200 N. Walker, Suite 400
        Oklahoma City, OK 73102
        (405) 297-2451   FAX (405) 297-3851
        Attorney for Defendant
        City of Oklahoma City

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2011, I electronically transmitted the attached Defendant City's Motion to dismiss It from Plaintiff's Second Cause of Action and/or Motion to Make More Definite and Brief in Support to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Rex Brooks, 1904 N.W. 23rd Street, Oklahoma City, Oklahoma 73106, Attorney for Plaintiff; and Susan K. Knight, 211 North Robinson Avenue, Suite 800N, Oklahoma City, Oklahoma 73102, Attorney for Defendant Godsil.

        /s/ Richard C. Smith
        Assistant Municipal Counselor

Y:\Moore v. City of OKC, et al., CIV-   ,RCS\MDS.doc