# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY T. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-11-86-M |
| v. ) | |
| CITY OF OKLAHOMA CITY and ) | |
| DANIEL GODSIL, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CITY'S MOTION FOR SUMMARY JUDGMENT
## AND BRIEF IN SUPPORT

COMES NOW a Defendant, the City of Oklahoma City, and pursuant to Rule 56 of the Fed.R.Civ.P., prayerfully requests that this Court grant it Judgment herein as there is no question of material fact and Defendant City is entitled to Judgment as a matter of law.

## STATEMENT OF FACTS

1.   On July 24, 2009, Plaintiff Wesley T. Moore was arrested by Officer Godsil.[1]

2.   As a result of his arrest, Plaintiff was handcuffed by an officer. (Deposition of Plaintiff, pp. 61-63; Deposition of Daniel Godsil, p. 50, 53.)

3.   Plaintiff complained to the officer "in car 3" that the handcuffs were too tight. (Deposition of Plaintiff, pp. 65-66. At pp. 72-73, Plaintiff identifies Godsil as the officer "in car 3." Deposition of Plaintiff, p. 94.)

---

[1] The facts of the arrest are in dispute, however, Plaintiff did not sue the City for false arrest. (see Statement of the Case at p. 2-3, herein and Petition, Doc. 1-1 at pp. 1 and 2.)

4.  An officer applied a second pair of handcuffs to allow Plaintiff additional room between his wrists, but did not touch the left cuff. (Deposition of Daniel Godsil, p.50; Deposition of Plaintiff, pp. 65-66.)

5.  Plaintiff believes that that officer intentionally did not adjust the left handcuff. (Deposition of Plaintiff, pp. 127-29.)[2]

6.  Plaintiff cannot say if his wrist was injured because of the initial handcuffing or the refusal to adjust it. (Deposition of Plaintiff, p.129.)

7.  According to OCPD procedure, officers are to "double lock" handcuffs, a process which ensures that the handcuff will not tighten and the transport of the prisoner is "injury free". (OCPD Procedure 154.20, a copy of which is attached hereto, marked as Exhibit 2.)

Defendant City asserts it cannot be liable for an intentional act of its employee pursuant to the Governmental Tort Claims Act, 51 O.S. §§ 151, *et seq.*

## STATEMENT OF THE CASE

1.  On December 29, 2010, Plaintiff filed this action in the Oklahoma County District Court (Oklahoma County District Court No. CJ-2010-10459) and served the Defendants on January 10, 2011.

---

[2]On or about July 27, 2009, Plaintiff filed a formal (verified) complaint with the OCPD over this incident. Regarding the handcuffing, he states at pp. 4-5: "I was hand cuff [sic] told to get in car had a hard time during this and that made him mad. I ask if he could loosen the cuff he told me No. [sic] About 5 min later some other officers said he is a big guy and did put one more set on me but only on the right hand, so the left never got looses up." A copy of this formal complaint is attached, marked as Exhibit 1. (Exhibit 1 is a photocopy of an exhibit attached to the Deposition of Plaintiff ("Exhibit Number 1"), referred to in the deposition transcript at pp. 19-20). Obviously, the first refusal would also be an intentional

2. On January 28, 2011, the Defendants removed this action to this Court. The Plaintiff's Petition is Document 1-1 in this case, attached to the Notice and Petition for Removal. There are two causes of action in Plaintiff's Petition. The first, entitled "Governmental Tort Claim," states, in part, at ¶ 2:

> …, Officer Daniel Godsil arrested and imprisoned Plaintiff, negligently using unnecessary roughness handcuffing Plaintiff too tight and when Plaintiff informed Officer Godsil that they were too tight, he refused to loosen them; causing permanent injury to the nerves in Plaintiff's left hand and trauma to Plaintiff's left distal forearm, causing a scab to form.

This cause of action addresses only the handcuffing, not the legality of the arrest.

3. Plaintiff's second cause of action, entitled "Violation of Civil Rights, Title 42 U.S.C. § 1983", states at ¶¶ 11 and 11 [sic] p. 3:

> 11. As a result of the false arrest, false imprisonment, violation of his civil rights, Plaintiff suffered loss of liberty, extreme mental anguish including fright, horror, anger, embarrassment, humiliation, chagrin and worry, all to him damage in excess of $10,000.00 actual damages.
>
> 11. The acts of wrongful arrest and false imprisonment were performed knowingly and intentionally and maliciously by Defendant Godsil;[3] for which Plaintiff is entitled to an award of punitive damages in excess of $10,000.00 in addition to his actual damages in excess of $10,000.00.
>
> WHEREFORE, upon trial of the issues of his second cause of action, Plaintiff asks for judgment against the Defendant Godsil in the sum of in excess of $10,000.00 actual damages and in excess of $10,000.00 in punitive damages; and his costs, including a reasonable attorney fee.[4]

---

act.

[3] Defendant City would also assert that "too tight" handcuffing as a result of an intentional and malicious false arrest would also be an intentional, malicious act.

[4] Plaintiff has confirmed to this Court that his Second Cause of Action is asserted against Defendant Godsil only and not against the City. *See* Plaintiff's Response to Motion to Dismiss With Demand For Jury Trial Against City of Oklahoma City (Document 10).

**Proposition No. 1: Defendant City Cannot Be Liable for Intentional Bad Faith Acts of Its Employees.**

Liability of a political subdivision on state law claims is governed by the terms of the Governmental Tort Claims Act (GTCA), 51 O.S.§§ 151-172. Section 153 of the GTCA provides:

> A. The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state. The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.
> B. The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

*See also, Fuller v. Odom*, 1987 OK 64,741 P.2d 449.

Scope of employment is defined in 51 O.S. § 152(12) as:

> "Scope of employment" means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud;

The Oklahoma Supreme Court held in *Parker v. City of Midwest City,* 1993 OK 29, 850 P.2d 1065, that since the elements of a malicious prosecution action require bad faith actions of the employee (namely malice and bringing an action without probable cause), the municipality could not be liable for the actions of its employee.

In *McMullen v. City of Del City,* 1996 OK CIV APP 46, 920 P.2d 528, the Oklahoma Court of Civil Appeals held that the city could not be liable for the tort of intentional infliction of emotional distress, or "outrage," because of the good faith requirement. In this

4

case, the Oklahoma Court of Civil Appeals at 920 P.2d 529, n. 1, extensively quotes from the deposition of the plaintiff, including the plaintiff's admission that the alleged wrongful actions were "done intentionally and wrongfully to harm" her.

In *Holman v. Wheeler,* 1983 OK 72, 677 P.2d 645, the Oklahoma Supreme Court held that the plaintiff's allegation of excessive and unnecessary force removed the employee from the scope of employment under the Governmental Tort Claims Act, 51 O.S. §§ 151, *et seq.* Further, the Court held that the plaintiff's allegations of willful and wanton conduct removed the immunity the Tort Claims Act provides the employee. Currently, § 163(c) of the Tort Claims act provides in part: "…In no instance shall an employee of the …political subdivision acting within the scope of his employment be named as a defendant…"

In *Nail v. City of Henryetta,* 1996 OK 12, 911 P.2d 914, the Oklahoma Supreme Court reversed a grant of summary judgment to the City because:

> …[N]ail alternatively alleges that Officer Baldwin either maliciously and intentionally injured him by using excessive force when the police arrested him, or that he negligently caused Nail's injuries." (Footnote omitted.)

(*Id.* at 917.)

. . .

> Clearly, the officer was acting within the scope of his employment when he arrested Nail and took him to jail. Although the officer denied that he shoved Nail during the arrest, the City does not dispute it. However, material fact questions do exist concerning whether the officer's act of pushing Nail was within the scope of his employment. The police officer was not necessarily attempting to hurt Nail when he shoved him or attempting to cause Nail to fall. The officer's comment, when he pushed Nail could be construed as a manifestation of disgust, rather than an intentional attempt physically to harm Nail. The police officer's subsequent denial that he pushed Nail may have been nothing more than an attempt to conceal his unprofessional conduct.

(*Id*. at 918.)

5

. . .

Although the City does not dispute that the police officer shoved Nail during Nail's arrest, a question remains as to whether Officer Baldwin was acting maliciously and in a willful and wanton manner when he pushed Nail, or whether he was merely negligent. Even when basic facts are undisputed, motions for summary judgment should be denied, if under the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts. Summary judgment should be granted only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

According to Plaintiff, the officer acted knowingly, intentionally and maliciously in arresting him. Then the officer, after notice of the harm in not loosening the handcuff on his left wrist, intentionally refused to loosen the cuff. These actions could not be taken in good faith nor could it be negligently done. None of Plaintiff's testimony supports an allegation of negligence on the part of a City employee acting in the scope of his employment. Plaintiff's testimony only contains allegations of intentional actions on the part of Defendant Godsil. Therefore, Defendant City is entitled to Judgment.

        Respectfully submitted,

        KENNETH JORDAN
        Municipal Counselor

By:   /s/ Richard C. Smith
      Richard C. Smith, OBA #8397
      Assistant Municipal Counselor
      200 N. Walker, Suite 400
      Oklahoma City, OK 73102
      (405) 297-2451   FAX (405) 297-3851
      Attorney for Defendant
      City of Oklahoma City
      rick.smith@okc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2011, I electronically transmitted the attached Defendant City's Motion for Summary Judgment and Brief in Support to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Rex Brooks, 1904 N.W. 23rd Street, Oklahoma City, Oklahoma 73106, Attorney for Plaintiff; and Susan K. Knight, 211 North Robinson Avenue, Suite 800N, Oklahoma City, Oklahoma 73102, Attorney for Defendant Godsil.

      /s/ Richard C. Smith
      Assistant Municipal Counselor

Y:\Moore v. City of OKC, et al., CIV-11-86-M, RCS\SJ\SJ.doc