IN THE UNITED STATES COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WESLEY T. MOORE,             )
                                      )
              Plaintiff,      )
                                      )
vs                            )      CASE NO. 5:11-cv-00086-M
                                      )
                                      )
CITY OF OKLAHOMA CITY      )
AND DANIEL GODSIL,          )
                                      )
              Defendants.    )

**PLAINTIFF'S RESPONSE AND BRIEF IN SUPPORT
TO DEFENDANT OKLAHOMA CITY'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff and for his response to the Defendant Oklahoma City's Motion for Summary Judgment, alleges and states:

1. Plaintiff does not dispute the allegations of fact contained in Defendant's Fact No. 1.

2. Plaintiff does not dispute the allegations of fact contained in Defendant's Fact No. 2.

3. Plaintiff does not dispute the allegations of fact contained in Defendant's Fact No. 3.

4. Plaintiff does not dispute the allegations of fact contained in Defendant's Fact No. 4.

5. Plaintiff does dispute the allegations of fact contained in Defendant's Fact No.

5 and does state that the other officer was Officer Burton and not Godsil.  Plaintiff's

Exhibit 1, Plaintiff's Depo., page and page 65 lines 11 - 25 and page 126 line 20 - page

129 line 13.

6.  Plaintiff does not dispute the allegations of fact contained in Defendant's Fact

No. 6.

7.  Plaintiff does not dispute the allegations of fact contained in Defendant's Fact

No. 7, OCPD Procedure 154.20 does create immunity to Defendant Oklahoma City for

the injuries caused by the  negligent acts of its police officer employee, Defendant Godsil

in applying those hand cuffs or failing to loosen them.


## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT OKLAHOMA CITY'S MOTION FOR SUMMARY JUDGMENT

**PROPOSITION I:   DEFENDANT OKLAHOMA CITY IS LIABLE UNDER THE GOVERNMENTAL TORT CLAIM ACT, TITLE 51 O.S. § 151 ET SEQ. FOR PLAINTIFF'S INJURIES CAUSED BY DEFENDANT GODSIL'S NEGLIGENT TORT.**

This case is governed by ***Tuffy's Inc. v City of Oklahoma City***, 2009 OK 4, ¶ 13,

212 P3d 1158 and ***DeCorte v Robinson***, 1998 OK 87, ¶ 12, 969 P2d 358.

In ***Tuffy's Inc. v City of Oklahoma City***, the Oklahoma Supreme Court held that

where a tort necessarily excludes good faith on part of employee as being in the scope of

their employment; it is not liable because GTCA excludes liability for bad faith actions as

outside the scope of employment.  However, a municipality is not protected against

2

liability for negligent acts of its police officers committed within the scope of their
employment. *Id*. ¶ 17.   That case does went on to state that ordinarily assault and battery
is not in the scope of employment.   However, this general rule does not apply when the
act is one that is fairly and naturally incident to the political subdivision's business and
arresting an individual is clearly within the scope of employment of a police officer. *Id*. ¶
18 . The Court continued to explain it is a jury question as to whether the officer later
went beyond his scope of employment.

In *DeCorte v Robinson*, the police officer allegedly struck the plaintiff and put him
in a choke hold around his neck while he was handcuffed.  The Oklahoma Supreme Court
held that municipalities are liable for the acts of its police officers that amount to abuses
of power and are only protected by liability when the police officer's acts are so extreme
as to amount to a clearly unlawful usurpation of authority that he does not rightly possess.

*Nail v City of Henryetta*, 1996 OK 12, 911 P2d 914 is of no help to the Defendant
City of Oklahoma City, because in the case at bar, whether Defendant Godsil
intentionally did not loosen Plaintiff's handcuffs when Plaintiff complained to him, there
was no evidence that Defendant Godsil intentionally injured Plaintiff.  Plaintiff's Exhibit
1, Plaintiff's Depo., page 126 line 20 - page 127 line 25.  Defendant Godsil denies that he
intentionally placed the handcuffs on too tight and denies that he improperly applied the
hand cuffs.  Plaintiff's Exhibit 2, Godsil's Depo., page 53 line 12 - page 54 line 6.  In the
case at bar, it could reasonably be found by the jury that Defendant Godsil just
negligently failed to double lock the handcuffs, which resulted in the cuffs to continue to

ratchet down, to the extent of causing injury, when Defendant Godsil was pulling him into the scout car and/or while he was riding in the scout car with his hands cuffed behind him..  Plaintiff's Exhibit 7, Dan Montgomery Expert Witness Report, pages 8 - 9.  This defeats summary judgment for the Defendant City of Oklahoma City.  Id. ¶¶ 12 & 13, **Tuffy's Inc. v City of Oklahoma City**, Okla. Supra and **DeCorte v Robinson**, Okla. Supra.   In order for the Defendant City to prevail on summary judgment, it must show that the only reasonable inference from the facts would support judgment in its favor as a matter of law.  That certainly is not the case here.  Although it may be that Defendant Godsil intentionally injured Plaintiff, he denies it and it could be reasonably found by the jury that he was merely negligent in failure to lock the cuffs causing Plaintiff's injury and it could be reasonably found by the jury that he was negligent in failing to loosen the cuffs.  It could be reasonably found that the Defendant Oklahoma City is liable because of the negligence of Officer Burton for negligently failing to loosen the left hand cuffs as well as the right hand cuffs.  It could be reasonably found by the jury that Defendant negligently applied the hand cuffs, but his later failure to loosen the hand cuffs, upon being alerted to the fact they were on too tight was, intentional and outside the scope of his employment.  Therefore, the jury could reasonably find that Defendant Godsil's negligence caused his injury, while at the same time find that he used excessive force in refusing to loosen them, causing more extensive injury that would have happened otherwise.  This is just not a case for summary judgment.   Under the facts of the case at bar, a jury verdict for punitive damages against Defendant Godsil would not be

4

inconsistent with a damage verdict against Defendant City of Oklahoma City. ***DeCorte v Robinson,*** Okla. Supra, ¶ 7 and ¶ 15. Certainly, Defendant Godsil's actions were not so extreme that it can be found as a matter of law, that his actions were so extreme that it amounted to an usurpation of authority.

***Parker v City of Midwest City***, 1993 OK 29, 850 P2d 1065, is distinguishable on it facts. It is a malicious prosecution case. The case at bar, is a wrongful arrest and excessive force case under § 1983 case against Defendant Godsil and a GTCA action against Defendant City of Oklahoma City for any damages caused by Defendant Godsil's alleged negligence, as he is immune to such liability under the GTCA. ***McMullen v City of Del City***, 1993 OK 29, 850 P2d 1065 is also distinguishable on the facts. Plaintiff is not suing Defendant City of Oklahoma City for the tort of outrage, he is merely suing the city under GTCA for damages he received from Defendant Godsil's negligent acts.

Respectfully submitted this 5th day of January, 2012.

S/ Rex D. Brooks
REX D. BROOKS                    OBA # 1165
Attorney for the Plaintiff
1904 N. W. 23rd Street
Oklahoma City, OK 73106
Phone No.  (405) 525-2200
FAX No.    (405) 525-2214
E-mail   brookslaw@coxinet.net

## CERTIFICATE OF SERVICE

I certify that on January 5, 2012, I electronically transmitted the above attached

document to the Clerk of Court using the ECF System for filing.  Based on the records

currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the

following ECF Registrants:

Richard C. Smith OBA # 8397
Assistant Municipal Counselor
200 North Walker, Suite 400
Oklahoma City OK 73102
Telephone: (405) 297-2451
Facsimile: (405) 297-3851
rick.smith@okc.gov
**ATTORNEY FOR THE DEFENDANT CITY OF OKLAHOMA CITY**

Susan Ann Knight   OBA# 14594
Stacey Haws Felkner OBA# 14737
211 North Robinson Avenue, Suite 800N
Oklahoma City OK 73102
Telephone (405) 235-4671
Facsimile (405) 235-5247
susanannknight@gmail.com
sfelkner@fentonlaw.com
**ATTORNEYS FOR DEFENDANT DANIEL GODSIL**

S/ Rex D. Brooks

6