**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WESLEY T. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-86-M |
| ) | |
| CITY OF OKLAHOMA CITY and ) | |
| DANIEL GODSIL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case is scheduled for trial on the Court's February 2012 trial docket.

Before the Court is defendant City of Oklahoma City's ("City") Motion for Summary Judgment, filed December 1, 2011. On January 5, 2012, plaintiff filed his response, and on January 9, 2012, the City filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On July 24, 2009, plaintiff Wesley T. Moore was arrested by defendant Officer Daniel Godsil.[1] As a result of his arrest, plaintiff was handcuffed by an officer. Plaintiff complained to the officer "in car 3"[2] that the handcuffs were too tight. An Officer Burton applied a second pair of handcuffs to allow plaintiff additional room between his wrists but did not touch the left cuff. Plaintiff does not know if his wrist was injured because of the initial handcuffing or the refusal to adjust it.

---

[1] The facts of the arrest are in dispute.

[2] In his deposition, plaintiff identifies Officer Godsil as the officer "in car 3."

Case 5:11-cv-00086-M   Document 57   Filed 01/13/12   Page 2 of 4

On December 29, 2010, plaintiff filed the instant action, asserting a negligence cause of action against the City based upon the injuries he received as a result of the too tight handcuffing and a 42 U.S.C. § 1983 cause of action against defendant Godsil based upon his alleged false arrest, false imprisonment, and violation of plaintiff's civil rights. The City now moves for summary judgment, asserting that it cannot be liable for an intentional act of its employee pursuant to the Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151, *et seq.* ("GTCA").

## II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

Liability of a political subdivision on state law tort claims is governed by the terms of the GTCA.  Section 153 of the GTCA provides:

> A.     The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state.  The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.
>
> B.     The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.

Okla. Stat. tit. 51, § 153.  The GTCA defines scope of employment as follows:

> "Scope of employment" means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud; . . . .

Okla. Stat. tit. 51, § 152(12).  Further, the Oklahoma Supreme Court has held:

> [t]he question of whether an employee has acted within the scope of employment at any given time is normally a question for the jury, except in cases where only one reasonable conclusion can be drawn from the facts.

*Nail v. City of Henryetta*, 911 P.2d 914, 918 (Okla. 1996).

The City alleges that according to plaintiff's testimony, Officer Godsil acted knowingly, intentionally and maliciously in arresting him and then, after notice of the harm in not loosening the handcuff on his left wrist, intentionally refused to loosen the cuff.  Based upon this testimony, the City contends that the officer's actions could not be taken in good faith nor could they be negligently

done and, accordingly, the officer was not acting in the scope of his employment and the City cannot be held liable. In his response, plaintiff states that Officer Godsil denies that he intentionally injured plaintiff. Based upon this denial, plaintiff asserts that whether Officer Godsil was acting intentionally or negligently is a question of fact for the jury.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is a genuine issue of material fact as to whether Officer Godsil was acting within the scope of his employment. Specifically, the Court finds that based upon the evidence presented a jury could reasonably find that Officer Godsil was negligent in failing to lock the cuffs causing plaintiff's injury and/or was negligent in failing to loosen the cuffs or a jury could reasonably find that Officer Godsil intentionally locked the cuffs causing plaintiff's injury and/or intentionally failed to loosen the cuffs. Further, the Court finds that based upon the evidence presented a jury could reasonably find that Officer Burton negligently failed to loosen the left hand cuff when he loosened the right hand cuff. Accordingly, the Court finds that the City is not entitled to summary judgment.

IV.  Conclusion

For the reasons set forth above, the Court DENIES the City's Motion for Summary Judgment [docket no. 22].

**IT IS SO ORDERED this 13th day of January, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE