**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WESLEY T. MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CIV-11-86-M** |
| v. | ) | |
| **CITY OF OKLAHOMA CITY and** | ) | |
| **DANIEL GODSIL** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT GODSIL'S RESPONSE TO PLAINTIFF**
**MOORE'S MOTION TO AMEND HIS COMPLAINT**
**TO ADD AN EXCESSIVE FORCE CLAIM AGAINST GODSIL**

Plaintiff's Petition was filed on December 29, 2010. *See*, Petition, Attached as Exhibit 1. The Petition did not include an excessive force claim against Defendant Officer Godsil. Instead, the only allegations regarding handcuffing in the Petition relate to the negligence claim against the City. In these allegations, Plaintiff specifically alleges Officer Godsil was acting within the scope of his employment and was negligent in handcuffing Plaintiff too tightly. Exhibit 1, ¶2.

On May 3, 2011, this court held a scheduling conference. Parties were given 30 days, until June 2, 2011 to amend their pleadings. *See*, Scheduling Order (Doc. No. 14), attached as Exhibit 2. Plaintiff did not file an Amended Complaint adding an excessive force claim against Officer Godsil by June 2, 2011, nor did he request leave to do so in the six months between that deadline and the date the Defendants' filed their respective Motions for Summary Judgment. Even now, Plaintiff has not filed a formal Motion to Amend. Instead, Plaintiff simply argues in his Response to Defendant Godsil's Motion for Summary

Judgment, which was finally filed January 5, 2012, that the Motion for Summary Judgment should be denied because "Defendant Godsil used unnecessary force after the arrest in violation of his [Plaintiff's] constitutional rights under the Fourth Amendment." *See*, Plaintiff's Brief in Support of his Response to Defendant Godsil's Motion for Summary Judgment (Doc. No. 49), at p. 17. Essentially, Plaintiff is asking the court to do indirectly what he failed to do correctly and in a timely manner: Amend the Complaint to include an excessive force claim against Officer Godsil.

## PROPOSITION I

### PLAINTIFF SHOULD NOT BE PERMITTED TO ADD AN EXCESSIVE FORCE CLAIM AGAINST OFFICER GODSIL

Excessive force and wrongful arrest are separate claims. *Fogarty v. Gallegos*, 523 F. 3d 1147, 1160 (10th Cir. 2008) ("Although we have concluded that Fogarty's arrest was not supported by probable cause, this does not mean that the force used to arrest him was automatically excessive, as the two inquiries are entirely different."). The two theories are not interchangeable; they have different elements and different proof. *Arias v. Pacheco*, 380 Fed.Appx. 771, 2010 WL 2171021 (C.A.10 (N.M.). In *Arias*, the Tenth Circuit held the district court did not abuse its discretion in refusing to permit the plaintiff to amend the pretrial order in an excessive force case to include a wrongful arrest claim, or in refusing to instruct on the issues relating to wrongful arrest. *Arias* at *3.

In *Pallottino v. City of Rio Rancho*, 31 F.3d 1023 (10th Cir. 1994), the plaintiff was temporarily detained by police officers while they investigated a fight. He brought a §1983

claim for violation of his Fifth Amendment right to remain silent, alleging he was detained

because he refused to give the officers his name and address.   When this claim was

dismissed, the plaintiff sought leave to amend his complaint to allege unreasonable seizure

in violation of Fourth Amendment based on the same underlying facts. The district court

denied leave to amend, and the Tenth Circuit found no abuse of discretion. *Id.* at 1027.  As

the Tenth Circuit recognized, a busy district court need not allow itself to be imposed upon

by the presentation of theories seriatim. While liberality in amendment is important to assure

a party a fair opportunity to present his claims and defenses, equal attention should be given

to the proposition that there must be an end finally to a particular litigation.  *Id.*

In *Pallottino*, as in the instant case, the proposed amendment was not based on new

evidence unavailable at the time of the original filing. Instead, it simply proposed a new legal

theory that the plaintiff did not choose to advance until after his primary theory had been

dismissed. *Id.*  Much of the value of summary judgment procedure in the cases for which it

is appropriate would be dissipated if a party were free to rely on one theory and then, should

that theory prove unsound, come back to fight on the basis of a new legal theory.  *Id*.

In *Ritchie v. Lockheed Martin Corporation*, 558 F.3d 1161, 1166 (10th Cir. 2009), the

Tenth Circuit recognized that  motions to amend should not be automatically denied, but that

district courts are justified in denying leave to amend  for reasons such as undue delay, bad

faith or dilatory motive on the part of the movant, and undue prejudice to the opposing party.

The court discussed the delay and prejudice which would occur if an additional party was

3

added close to trial:

> The motion for leave to amend was made after the close of a long discovery period and after Lockheed had filed a motion for summary judgment premised upon the releases signed by Ritchie. At a minimum, the proposed amendment would have required the reopening of discovery regarding Froistad's jurisdictional eligibility to be a relator. Lockheed's time and effort in preparing the summary judgment motion would have been wasted, since the motion focused upon a defense personal to Ritchie. The additional expense of adjudicating Froistad's eligibility and the lost expense of preparing the summary judgment motion would have prejudiced Lockheed.

* * * *

> Froistad's delay in joining the suit despite his earlier knowledge of the fraud allegations would have unduly prejudiced Lockheed because it would have necessitated the re-opening of discovery and rendered worthless the time and effort Lockheed expended on its motion for summary judgment. Because the substantial delay in seeking to add Froistad as a relator would have unduly prejudiced Lockheed, the district court did not abuse its discretion in denying leave to amend. (Citations omitted) *Ritchie* at 1166-1167.

*Frank v. U.S. West, Inc.*, 3 F. 3d 1357, 1365 (10th Cir. 1993) also recognized untimeliness is a sufficient reason to deny a motion to amend the complaint, especially when the party filing the motion has no adequate explanation for the delay. This court applied *Franks* in *Randall v. Government Employees Insurance Company*, 2010 WL 1438900 (W.D.Okla. April 12, 2010). Under *Randall*, when a motion to amend is filed after the deadline set forth in the Scheduling Order, the moving party must show good cause for allowing the amendment out of time.). *See also*, *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) (Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but

4

fails to include them in the original complaint, the motion to amend is subject to denial.)

This court addressed a motion to amend similar to the implicit motion to amend in the instant case in *Hindbaugh v. Board of County Commissioners of Washita County*, 2008 WL 2944924 (W.D.Okla. July 24, 2008), affirmed on other grounds, 329 Fed.Appx. 818, 2009 WL 1362978 (10th Cir. (Okla.)) In *Hindbaugh*, approximately one month prior to trial and while a summary judgment motion was pending, the plaintiff filed a motion to amend the complaint to add a claim for coercion against existing defendants and to add a new defendant. The court denied the motion, for reasons similar to those discussed in *Arias*, *Pallottino*, and *Richie*, stating:

> On October 4, 2007, the Court, after meeting with counsel for all parties, entered a Scheduling Order. Of particular importance here, that Scheduling Order set November 1, 2007 as the deadline to join additional parties or amend the pleadings. On March 27, 2008, the Court, at the request of the parties, extended the remaining deadlines by 60 days. Notably, this extension did not include the deadline for amendments or joining additional parties. Discovery has now closed and Defendants have filed summary judgment motions which await disposition by the Court. The case is set for trial on the Court's August 11, 2008 docket. Considering this history, the Court finds Plaintiff's attempts to amend and/or add additional parties are so untimely that they must be denied.

> \* \* \* \*

> Here, the prejudice to Defendants by Plaintiff's late action is substantial. To permit the addition of a new claim at this stage would deprive Defendants of the opportunity to conduct any needed discovery on the issue and to challenge the sufficiency of the claim by virtue of a summary judgment motion. Further, Plaintiff can provide no excuse for his delay in raising the claim. The facts on which Plaintiff's claim is based are the same general facts which give rise to his other claims. There is no suggestion of newly discovered evidence or surprise that may explain the delay in asserting the "coercion" claim.

* * * *

> Finally, the timing of Plaintiff's attempted amendment is suspicious. When the amendments were proposed, Plaintiff was facing summary judgment motion which exposed the weaknesses in the claims presented. *Hindbaugh* at *1.

The timing of Plaintiff's attempt to amend is equally suspicious in the instant case. Plaintiff did not suddenly learn about the handcuffing during discovery. He simply realized upon reading the defendants' respective summary judgment responses that his failure to include a §1983 claim for excessive force claim, as well as a negligence claim, might have been a poor strategic decision. Plaintiff does not admit this error in his response, much less offer a justifiable excuse for his delay in raising the excessive force claim. Therefore, consistent with *Arias, Pallottino, Ritchie* and *Hindbaugh*, Plaintiff's attempt to avoid summary judgment by raising a new excessive force claim should be rejected. The court should deny the (implied) Motion to Amend and grant Officer Godsil's motion for summary judgment.

## PROPOSITION II

### IN THE ALTERNATIVE, THE COURT SHOULD GIVE OFFICER GODSIL ADDITIONAL TIME TO PREPARE TO DEFEND THE NEW EXCESSIVE FORCE CLAIM

In the alternative, if the court is inclined to permit Plaintiff to add an excessive force claim out of time, Officer Godsil requests the court allow Officer Godsil 30 days to retain a police procedures expert, extend all remaining deadlines by 30 days, and remove the case from the February trial docket. This additional time is necessary to allow counsel for Officer

Godsil to present an adequate defense.

In *Rimbert v. Eli Lilly and Company*, 647 F. 3d 1247 (10th Cir. 2011), the plaintiff's initial expert had been deemed reliable under the *Daubert* standard, but when the case was reassigned to a new judge this ruling was reconsidered.  When the defendant's *Daubert* motion was subsequently granted, long after the close of discovery, the plaintiff sought leave to add a new expert and moved for a new scheduling order.  *Id.* at 1256.  Although recognizing it is usually within the discretion of the trial court to deny motions to add an expert after discovery has closed, the Tenth Circuit found the expert should have been permitted on the facts before it.  The court stated:

> In the normal course of events, district courts are well within permissible discretion to deny the opportunity to name a new expert after discovery has closed and a party receives an unfavorable *Daubert* ruling. Here, however, the district court was not faced with a case that had proceeded normally, and the unique circumstances presented called for flexibility in the discovery schedule. In light of the procedural oddities of the case, including an initial favorable *Daubert* ruling, and the district court's unorthodox consideration of the motion for a new scheduling order as if it had been made at a prior date when the case was in a vastly different posture, this court is left with the "definite and firm conviction" that disallowing Rimbert's request for additional time to name a substitute expert was an abuse of discretion. *Rimbert* at 1256.

In the instant case, because the case was originally filed as a wrongful arrest case, counsel made the decision no expert was necessary.  As *Specht v. Jensen*, 853 F.2d 805, 809 (10th  Cir. 1988) recognizes, an expert witness may not offer an opinion on applicable principles of law. The primary issue in a wrongful arrest case is whether probable cause existed, and offering expert testimony on this issue appears to contradict the *Specht* rule that

"in no instance can a witness be permitted to define the law of the case." *Id.* at 810. However, an expert would have been retained if the initial Petition included an excessive force claim against Officer Godsil.

Being handcuffed is probably never pleasant or comfortable, but uncomfortable is not synonymous with unconstitutional. As the Tenth Circuit explained in *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007), while unduly tight handcuffing can constitute excessive force in certain circumstances, a plaintiff must show more than *de minimus* injury. Red marks which are visible for several days are not sufficient, but not permanent, are not sufficient. *Id. See* also, *Koch v. City of Del City*, 660 F.3d 1228, 1247-1248 (10th Cir. 2011) (Hospital records showing "some sores on arms and wrists" were insufficient to state excessive force claim). If Defendant Godsil had known he would be asked to defend an excessive force claim, he would have employed a police procedures expert to explain issues such as when and how handcuffs should be applied, when and why handcuffs are double-locked, and when and whether some minor injury is likely to result even if handcuffs are properly applied. These are the type of issues on which a police procedures expert can assist the jury without usurping the role of the court.

In *Arias*, the court recognized the defendants would have been significantly prejudiced if they were required to defend a new theory of the case without adequate time to prepare. *Arias* at *4. Similarly, in the instant case, Defendant Godsil will be unduly prejudiced if Plaintiff is allowed to add an excessive force claim, yet Godsil is not given additional time

8

to adequately prepare a defense to that claim.  If the court is willing to consider the excessive force claim, it should grant Officer Godsil  30 days to retain a police procedures expert. Additionally, the court should  extend all remaining deadlines by 30 days, and remove the case from the February trial docket.

Respectfully submitted,


/s/ Stacey Haws Felkner
Stacey Haws Felkner, OBA #14737
Manchester & Knight, PLLC
One Leadership Square, Suite 800 N
211 North Robinson
Oklahoma City, Oklahoma, 73102
Telephone: (405)235-4671
Facsimile:  (405)235-5247
Attorney  for  Defendant  Oklahoma  City  Police Officer Daniel Godsil

## CERTIFICATE OF MAILING

This is to certify that on this 13th day of January, 2012, a true and correct copy of the above and foregoing was served on the following, who are registered participants of the ECF System:

Rex D. Brooks
1904 N.W. 23rd Street
Oklahoma City, OK 73106

Richard C. Smith
Laura Calvery
Assistant Municipal Counselors
200 North Walker, Suite 400
Oklahoma City, OK 73102

/s/ Stacey Haws Felkner
Stacey Haws Felkner