IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY T. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-86-M |
| ) | |
| CITY OF OKLAHOMA CITY and ) | |
| DANIEL GODSIL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is scheduled for trial on the Court's February 2012 trial docket.

Before the Court is defendant Daniel Godsil's ("Officer Godsil") Motion for Summary Judgment, filed December 1, 2011. On January 5, 2012, plaintiff filed his response, and on January 12, 2012, Officer Godsil filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction[1]

On July 24, 2009, at approximately 6:30 p.m., Officer Godsil was dispatched to a call that two men were selling drugs in the parking lot of a convenience store and refusing to leave. When Officer Godsil arrived at the convenience store, one of the suspects attempted to flee. The suspect was apprehended by Officer Godsil and other police officers across the street from plaintiff's house. In order to take the suspect into custody, the officers had to use pepper spray.

There were four police cars, including Officer Godsil's car, parked along the curb on the other side of the street from plaintiff's house. Plaintiff's granddaughter woke plaintiff up and told him about the police outside of their house. Plaintiff looked out the window for a period of time,

---

[1]The facts in this introduction are set forth in the light most favorable to plaintiff.

and then went outside with his granddaughter. While plaintiff was outside, he saw his mother come out of her residence next door. She told him she was going to get her medicine from the pharmacy. At this point, plaintiff's mother had room to pull out of her driveway, but before she did so another police car pulled up behind her driveway. This car was driven by Officer Burton, and he stopped parallel to Officer Godsil's car to give his supplemental report to Officer Godsil. The two police cars were parked in this manner for a few minutes. Once Officer Burton pulled up, plaintiff believed that his mother could not exit from her driveway.

Plaintiff approached Officer Garrett, who was standing near Officer Burton's and Officer Godsil's cars.[2] Plaintiff asked Officer Garrett if the officers could pull up so his mother could exit her driveway. Officer Garrett told plaintiff to "wait a minute." Plaintiff and his mother waited a few minutes. According to plaintiff, during this time, the officers visited with each other and ignored his mother's need to exit her driveway. After a few minutes, plaintiff's mother decided that instead of waiting any longer she would just try to go across some of the yards instead.

At this point, plaintiff came back into the road and began walking towards Officer Burton's car to speak to him directly. The parties dispute whether plaintiff was blocking the portion of the road which was open to traffic. Officer Godsil ordered plaintiff to exit the roadway. Officer Godsil believes this command was given three times, and plaintiff believes that Officer Godsil gave this command once or twice. Officer Godsil also told plaintiff that if he (Officer Godsil) tells him (plaintiff) one more time, he (Officer Godsil) was going to arrest him (plaintiff).

---

[2] At the time plaintiff first approached Officer Garrett, the apprehended suspect was under arrest, but he was not yet in a police car. He was on the ground, being monitored and decontaminated from the pepper spray and waiting for a police supervisor to arrive.

2

Rather than obey this command, plaintiff began to argue with Officer Godsil about whether the road was part of his property. Officer Godsil then placed plaintiff under arrest for Interfering with Official Process by Disobeying a Lawful Command. The charges were subsequently dismissed. When plaintiff was arrested, he was handcuffed.

On December 29, 2010, plaintiff filed the instant action in the District Court of Oklahoma County, State of Oklahoma. In his Petition, plaintiff asserts a negligence cause of action against defendant City of Oklahoma City based upon the injuries he allegedly received as a result of too tight handcuffing and a 42 U.S.C. § 1983 cause of action against Officer Godsil based upon his alleged false arrest, false imprisonment, and violation of plaintiff's civil rights.[3] On January 28, 2011, defendants removed this action to this Court. Officer Godsil now moves for summary judgment on plaintiff's false arrest/false imprisonment claim.

## II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

---

[3] No where in plaintiff's Petition does plaintiff specifically assert a claim against Officer Godsil for excessive force.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

### III.   Discussion

#### A.   Arrest

The Fourth Amendment protects an individual against unreasonable seizure, including a warrantless arrest without probable cause to believe the person has committed a crime. *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007). The Fourth Amendment, however, does not forbid a warrantless arrest with probable cause for even minor criminal offenses, such as misdemeanor offenses punishable only by a fine. *See Atwater v. City of Lago Vista*, 532 U.S. 318 (2001).

> Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person to be arrested. This is an objective standard, and thus [t]he subjective belief of an individual officer as to whether there was probable cause for making an arrest is not dispositive. Whether a reasonable officer would believe that there was probable cause to arrest in a given situation is based on the totality of the circumstances.

*Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011) (internal quotations and citations omitted).

Officer Godsil contends that he had probable cause to arrest plaintiff. Officer Godsil specifically asserts that he had probable cause to believe that plaintiff was violating § 30-68(a) of the Oklahoma City Municipal Code. This ordinance provides:

> Any person who interferes, obstructs, attempts to obstruct, or disobeys a lawful command of any police officer in the discharge of his/her duties, by any means other than by threat, intimidation, or force is guilty of a Class "a" offense.

Oklahoma City Ord. § 30-68(a).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Officer Godsil did not have probable cause to believe that plaintiff was interfering with, obstructing, or attempting to obstruct the officers' completion of the arrest of the suspect that was apprehended near plaintiff's house. The suspect was handcuffed and being monitored and decontaminated from the pepper spray, and the officers were simply filling out their reports and waiting for their supervisor to arrive. There is no evidence to support any finding that plaintiff's walking towards Officer Burton's car to ask him to move it so plaintiff's mother could get out of her driveway in any way interfered with, obstructed, or attempted to obstruct the completion of the suspect's arrest.

Further, the Court finds that there are disputed issues of material fact which prevent this Court from being able to determine whether Officer Godsil had probable cause to believe that plaintiff disobeyed a lawful command of a police officer in the discharge of his duties. Having reviewed the evidence submitted, the Court finds that it is disputed and/or unclear as to (1) how many times Officer Godsil ordered plaintiff to exit the roadway; (2) where specifically plaintiff was standing each time Officer Godsil ordered plaintiff to exit the roadway; (3) whether plaintiff was

blocking the open portion of the roadway, and (4) whether there was any traffic on the street at the time of the incident. The Court finds a resolution of these disputed facts are necessary to determine whether Officer Godsil's order to plaintiff to exit the roadway was a lawful command of a police officer in the discharge of his duties.

Accordingly, the Court finds that Officer Godsil is not entitled to summary judgment as to plaintiff's false arrest/false imprisonment claim.

### B.    Qualified Immunity

Officer Godsil asserts that even if this Court were to conclude probable cause is lacking, summary judgment would still be appropriate on the alternative grounds of qualified immunity.

> When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established. If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment – showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.

*Koch*, 660 F.3d at 1238 (internal quotations and citations omitted). In the qualified immunity/summary judgment context, in relation to an alleged unlawful arrest, "not only must the plaintiff demonstrate that the officer arrested [him] without probable cause (that is, that he violated a constitutional right), but also that it would have been clear to a reasonable officer that probable cause was lacking under the circumstances (that is, that the right was clearly established in the specific situation)." *Id.* at 1241. Thus, "[w]hen a warrantless arrest is the subject of a § 1983 action, the arresting officer is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to make the arrest." *Id.* (internal quotations and citation omitted). Under this

framework, "[e]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Id.* (internal quotations and citation omitted).

As set forth above, the Court finds that there are disputed issues of material fact which prevent this Court from being able to determine whether Officer Godsil had probable cause to believe that plaintiff disobeyed a lawful command of a police officer in the discharge of his duties. The Court further finds that these same disputed issues of material fact prevent this Court from being able to determine whether it would have been clear to a reasonable officer that probable cause was lacking under the circumstances, i.e. that the constitutional right at issue was clearly established in this specific situation. Accordingly, the Court finds that summary judgment is not appropriate on the grounds of qualified immunity.

IV.   Conclusion

For the reasons set forth above, the Court DENIES Officer Godsil's Motion for Summary Judgment [docket no. 25].

**IT IS SO ORDERED this 23rd day of January, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE