IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY T. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-86-M |
| ) | |
| CITY OF OKLAHOMA CITY and ) | |
| DANIEL GODSIL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

In his response to defendant Daniel Godsil's Motion for Summary Judgment, plaintiff contended, in part, that defendant Godsil's motion should be denied because defendant Godsil used unnecessary force after plaintiff's arrest in violation of plaintiff's constitutional rights under the Fourth Amendment. Defendant Godsil contends that plaintiff did not assert an excessive force claim against defendant Godsil in his Petition. Accordingly, in response to plaintiff's argument contained in his response, which defendant Godsil considers an implied motion to amend, on January 13, 2012, defendant Godsil filed a "Response to Plaintiff Moore's Motion to Amend His Complaint to Add an Excessive Force Claim against Godsil." On January 20, 2012, plaintiff filed his reply to defendant Godsil's response. Based upon the parties' submissions, the Court makes its determination on this matter.

Plaintiff contends that he asserted an excessive force claim against defendant Godsil in his original Petition. Having carefully reviewed plaintiff's Petition, the Court finds that plaintiff did not assert an excessive force claim against defendant Godsil in his Petition. In his Second Cause of Action, the cause of action asserted against defendant Godsil, plaintiff never mentions, specifically or otherwise, excessive force at all; the only basis asserted in relation to plaintiff's alleged violation

of his civil rights is defendant Godsil's alleged false arrest/false imprisonment of plaintiff. Plaintiff addresses the force used by defendant Godsil in his First Cause of Action, a negligence cause of action asserted against defendant City of Oklahoma City. Specifically, plaintiff states that defendant Godsil "arrested and imprisoned Plaintiff, negligently using unnecessary roughness handcuffing Plaintiff too tight". However, the Court finds that this language does not state a claim of excessive force against defendant Godsil.

In his reply, plaintiff alternatively requests the Court to grant him leave to file an amended complaint adding a claim of excessive force against defendant Godsil. Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). However, when a motion to amend is filed after the deadline set forth in the Scheduling Order, as it is in the instant matter, the moving party must show good cause for allowing the amendment out of time. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not shown good cause for amending his complaint to assert a claim of excessive force against defendant Godsil. Specifically, the Court finds that defendant Godsil would be unduly prejudiced if plaintiff were allowed to file an amended complaint at this point in the litigation. In his response, defendant Godsil states that because plaintiff was not asserting an excessive force claim, defendant Godsil's counsel made the decision that no expert was necessary in this case and, thus, did not retain an

expert and that an expert would have been retained if an excessive force claim had been asserted. Because the deadlines to submit expert witness lists and reports and to conduct discovery have expired in this case, the Court finds that defendant Godsil would be unduly prejudiced if plaintiff were allowed to file an amended complaint asserting a claim of excessive force against defendant Godsil.

Accordingly, the Court FINDS that plaintiff has not asserted an excessive force claim against defendant Godsil and that plaintiff should not be granted leave to file an amended complaint to assert an excessive force claim against defendant Godsil.

**IT IS SO ORDERED this 2nd day of February, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE